## DECLARATION OF DAMIAN MARTINEZ

I, DAMIAN MARTINEZ, declare and state as follows,

1. I am a licensed attorney with the State of California and am authorized to practice in the federal courts of the Central District of California, among others. From 2001 through 2006, I was an Assistant United States Attorney (AUSA) in United States Attorney's Office, Central District of California (USAO). During that time, among other things, I was the counsel of record and prosecutor for the government in the criminal matter entitled <u>United States v. Lario Javier Avila et. al.</u>, CR No. 04-1677-JFW, a methamphetamine trafficking case in which Lario Javier Avila (also known as Hilario Javier Avila) was one of three defendants. I handled that matter from its start through the trial and sentencing of Mr. Avila. I left the USAO for private practice prior to Mr. Avila's appeal, in June 2006.

2. I understand from speaking to David Kowal, the AUSA currently assigned to the Avila matter, that Mr. Avila has filed a Section 2255 motion in which he raises issues concerning plea discussions between Mr. Avila's trial counsel, David Kaloyanides and myself. There were plea discussions between Mr. Kaloyanides and myself in the days prior to Mr. Avila's trial and then again afterwards. I do not recall all of the details of these discussions at this time, however, I do not believe that they resulted in me sending a written plea offer to Mr. Kaloyanides. I have not reviewed the case file prior to preparing this declaration in order to confirm my memory on this point. However, if I sent such a plea offer I would have kept a copy and the cover letter to counsel in the case file, as was my custom

and practice. AUSA Kowal has informed me that he would make any necessary representations for the government about what is currently in the case file.

3. It was my unvarying practice, and the policy of the USAO for the entire time I worked there, to put any plea offers in the form of a proposed written plea agreement. An example is the cover letter and proposed plea agreement that I sent to counsel for James Avila on October 26, 2005, a true and correct copy of which (provided to me by AUSA Kowal) is attached hereto as Exhibit 1.

4. It was always my understanding and practice, as well as the practice of the USAO, that any verbal discussions with defense counsel concerning plea arrangements were only negotiations or invitations to negotiate. Any actual offer would always be in written form similar to Exhibit 1. It was also my practice to make this point clear to defense counsel during my verbal plea discussions.

5. I also recall that during plea discussions with Mr. Kaloyanides regarding Mr. Avila, both before and after trial, it was my position that any plea arrangement would have to include a full waiver of Mr. Avila's appellate rights, including his right to appeal the denial of the joint wiretap suppression motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed this 14th day of December, 2010, at Los Angeles, California.

DAMIAN MARTINEZ